# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

## OCTOBER 2024

00962

E-Filing Number: 2410018248

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| MERITIS GROUP LLC | BLANK ROME LLP |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1209 VINE STREET<br>PHILADELPHIA PA 19107 | ONE LOGAN SQUARE 130 N. 18TH STREET<br>PHILADELPHIA PA 19103 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| CULLOO ENTERTAINMENT LLC | NOCHUMSON P.C. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1209 VINE STREET<br>PHILADELPHIA PA 19107 | ONE SOUTH BROAD STREET   SUITE 1000<br>PHILADELPHIA PA 19107 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| NO ORDINARY HOSPITALITY GROUP □ HOUSTON LLC | LAW OFFICES OF JARED N. KLEIN |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1209 VINE STREET<br>PHILADELPHIA PA 19107 | 532 OLD MARLTON PIKE W. #871<br>EVESHAM NJ 08053 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 4 | 5 | ☒ Complaint   ☐ Petition Action   ☐ Notice of Appeal<br>☐ Writ of Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

CASE TYPE AND CODE

4L – MALPRACTICE - LEGAL

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED
PRO PROTHY**

OCT **08** 2024

**L. BREWINGTON**

IS CASE SUBJECT TO
COORDINATION ORDER?

YES          NO

## TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: MERITIS GROUP LLC , CULLOO
ENTERTAINMENT LLC , NO ORDINARY HOS

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| JEFFREY P. GOODMAN | SALTZ MONGELUZZI BARRETT<br>52ND FL  ONE LIBERTY PLACE<br>1650 MARKET STREET<br>PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)496-8282 | (215)496-0999 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 309433 | jgoodman@smbb.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *JEFFREY GOODMAN* | Tuesday, October 08, 2024, 03:02 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

## COMPLETE LIST OF PLAINTIFFS:

1. MERITIS GROUP LLC
     1209 VINE STREET
     PHILADELPHIA PA 19107
2. CULLOO ENTERTAINMENT LLC
     1209 VINE STREET
     PHILADELPHIA PA 19107
3. NO ORDINARY HOSPITALITY GROUP □ HOUSTON LLC
     1209 VINE STREET
     PHILADELPHIA PA 19107
4. NO ORDINARY HOSPITALITY GROUP LLC
     1209 VINE STREET
     PHILADELPHIA PA 19107

## COMPLETE LIST OF DEFENDANTS:

1. BLANK ROME LLP
     ONE LOGAN SQUARE 130 N. 18TH STREET
     PHILADELPHIA PA 19103
2. NOCHUMSON P.C.
     ONE SOUTH BROAD STREET   SUITE 1000
     PHILADELPHIA PA 19107
3. LAW OFFICES OF JARED N. KLEIN
     532 OLD MARLTON PIKE W. #871
     EVESHAM NJ 08053
4. JARED KLEIN
     520 COLLINGS AVE. APARTMENT B-608
     OAKLYN NJ 08107
5. ABC CORPORATIONS (1-10)
     0000
     PHILADELPHIA PA 19103

**SALTZ MONGELUZZI BENDESKY P.C.**
BY: JEFFREY P. GOODMAN/MAX H. DEHON
IDENTIFICATION NO. 309433/334148
52ND FLOOR
1650 MARKET STREET
PHILADELPHIA, PA  19103
(215) 496-8282



ATTORNEY FOR
PLAINTIFF

*Filed and Attested by the
Office of Judicial Records
04 NOV 2024 03:42 pm
E. BREWINGTON*

| | |
|---|---|
| **MERITIS GROUP LLC; CULLOO ENTERTAINMENT LLC; NO ORDINARY HOSPITALITY GROUP LLC; and NO ORDINARY HOSPITALITY GROUP – HOUSTON LLC**<br><br>*Plaintiffs*<br><br>*vs*.<br><br>**BLANK ROME LLP; NOCHUMSON P.C.; LAW OFFICE OF JARED N. KLEIN; JARED KLEIN; and ABC CORPORATIONS (1-10)**<br><br>*Defendants*. | **PHILADELPHIA COUNTY COURT OF COMMON PLEAS TRIAL DIVISION**<br><br>**OCTOBER TERM, 2024**<br><br>**NO.**<br><br>**JURY TRIAL DEMANDED** |



| "NOTICE | "AVISO |
|---|---|
| "You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your  defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may  proceed without you and a judgement may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.<br><br>"YOU SHOULD TAKE THIS PAPER TO YOUR  LAWYER AT ONCE.  IF YOU  DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.<br><br>THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.  IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.<br><br>PHILADELPHIA BAR ASSOCIATION<br>LAWYER REFERRAL and INFORMATION SERVICE<br>One Reading Center<br>Philadelphia, Pennsylvania 19107<br>(215) 238-1701" | "Le han demandado en corte.  Si usted quiere defenderse contra las demandas nombradas en las páginas siguientes, tiene veinte (20) dias, a partir de recibir esta demanda y la notificatión para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted.  Sea avisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir culquier otra demanda o alivio solicitados por el demandante.  Usted puede perder dinero o propiedad u otros derechos importantes para usted.<br><br>USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE.  SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PARGAR A UN ABOGADO), VAYA EN PERSONA O LLAME  POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL.  ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.<br><br>SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.<br><br>ASSOCIACION DE LICENDIADOS DE FILADELFIA<br>SERVICO DE REFERENCA E INFORMACION LEGAL<br>One Reading Center<br>Filadelfia, Pennsylvania 19107<br>Telefono: (215) 238-1701" |

Case ID: 241000962

**SALTZ MONGELUZZI BENDESKY P.C.**
BY: JEFFREY P. GOODMAN/MAX H. DEHON
IDENTIFICATION NO. 309433/334148                ATTORNEYS FOR PLAINTIFF
52ND FLOOR
1650 MARKET STREET
PHILADELPHIA, PA  19103
(215) 496-8282

| | |
|---|---|
| **MERITIS GROUP LLC**<br>1209 Vine Street<br>Philadelphia, PA 19107 | **PHILADELPHIA COUNTY**<br>**COURT OF COMMON PLEAS**<br>**TRIAL DIVISION** |
| *And* | **OCTOBER TERM, 2024** |
| **CULLOO ENTERTAINMENT LLC**<br>1209 Vine Street<br>Philadelphia, PA 19107 | **NO.** |
| *And* | **JURY TRIAL DEMANDED** |
| **NO ORDINARY HOSPITALITY GROUP –**<br>**HOUSTON LLC**<br>1209 Vine Street<br>Philadelphia, PA 19107 | |
| *And* | |
| **NO ORDINARY HOSPITALITY GROUP**<br>**LLC**<br>1209 Vine Street<br>Philadelphia, PA 19107 | |
| *Plaintiffs* | |
| *vs.* | |
| **BLANK ROME LLP**<br>One Logan Square<br>130 N. 18th Street<br>Philadelphia, PA 19103 | |
| *And* | |
| **NOCHUMSON P.C.**<br>One South Broad Street, Suite 1000<br>Philadelphia, PA 19107 | |

2

Case ID: 241000962

|  |
|---|
| *And* |
| **LAW OFFICES OF JARED N. KLEIN**<br>532 Old Marlton Pike W. #871<br>Evesham, NJ 08053 |
| *And* |
| **JARED KLEIN**<br>520 Collings Ave.<br>Apartment B-608<br>Oaklyn, NJ 08107 |
| *And* |
| **ABC CORPORATIONS (1-10)** |
| *Defendants.* |

## COMPLAINT – INTRODUCTION

1. In approximately 2018, Plaintiffs, Meritis Group LLC, Culloo Entertainment LLC, No Ordinary Hospitality Group LLC, and No Ordinary Hospitality Group – Houston LLC, through, James De Berardine, retained Jared Klein to be their attorney in a variety of business ventures.

2. Plaintiffs are distinct business entities that operate respective businesses.

3. Plaintiff businesses consist of the operation of a popular nightclub in Center City, Philadelphia, the development and management of a 120-unit construction project in Center City, Philadelphia, and similar business ventures in Houston, Texas.

4. Over the course of over five years, Jared Klein deceived, misguided, and betrayed his clients, Plaintiffs, Meritis Group LLC, Culloo Entertainment LLC, No Ordinary Hospitality Group LLC, and No Ordinary Hospitality Group – Houston LLC.

3

Case ID: 241000962

5. *More specifically, Mr. Klein falsified court documents including court Orders, forged settlement documents, forged judicial signatures, faked wire receipts, entered into settlement agreements without authority, and repeatedly lied to and misled his clients and members of the civil justice system.*

6. During much of the time when this misconduct took place, Mr. Klein was an attorney with and acting as an agent and representative of Defendant Blank Rome, LLP, an Am Law 100 firm with 16 offices and more than 750 attorneys.

7. Following his departure from Blank Rome LLP, Mr. Klein's egregious conduct continued while practicing law with Defendants Law Offices of Jared N. Klein and Nochumson, P.C.

8. Mr. Klein promised to perform legal services for Mr. De Berardine and his various companies, named as Plaintiffs here.

9. Mr. Klein did not perform these services, and during the course of his representation committed acts of dishonesty, forgery, fraud, and other types of misconduct.

10. Mr. Klein provided the forgeries to Mr. De Berardine with the intent of deceiving him.

11. *Through their negligent and reckless oversite, defendants Blank Rome, LLP and Nochumson, P.C., allowed this misconduct to continue.*

12. The full extent of Mr. Klein's misconduct carried out by Blank Rome and Nochumson have yet to be fully unraveled, however, the following crystal-clear examples shed light on the misconduct committed by Mr. Klein under the authorization of Blank Rome and Nochumson.

Case ID: 241000962

13.     Mr. Klein's direct supervisor on these matters at Blank Rome, LLP was partner Peter Kelsen.

14.     Even after learning of Mr. Klein's egregious conduct, Blank Rome never notified Plaintiff of the behavior that had taken place and, upon information and belief, never notified the Court, any opposing counsel, or the Pennsylvania Disciplinary Board.

15.     Once Mr. Klein's misconduct could no longer be concealed – a disciplinary action was commenced in the Supreme Court of Pennsylvania (believed to be by Alan Nochumson) resulting in Mr. Klein being disbarred from the Bar of the Commonwealth of Pennsylvania on August 19, 2024.

<div align="center">

**PARTIES**

</div>

16.     Plaintiff, Meritis Group LLC, is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in the Commonwealth of Pennsylvania at the above captioned address.

17.     Plaintiff, Culloo Entertainment LLC, is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in the Commonwealth of Pennsylvania at the above captioned address.

18.     Plaintiff, No Ordinary Hospitality Group LLC, is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in the Commonwealth of Pennsylvania at the above captioned address.

19.     Plaintiff, No Ordinary Hospitality Group – Houston LLC, is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in the Commonwealth of Pennsylvania at the above captioned address.

20.     At all relevant times, Mr. De Berardine was authorized on behalf of Meritis Group LLC, Culloo Entertainment LLC, No Ordinary Hospitality Group LLC, and No Ordinary

Case ID: 241000962

Hospitality Group – Houston LLC, to retain and did retain Mr. Klein and his respective law firms to represent the entities in a variety of matters.

21.     Defendant, Blank Rome LLP, (hereinafter "Blank Rome") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at the above captioned address.

22.     At all times relevant hereto, Blank Rome has carried out, and continues to carry out, substantial, continuous, and systematic business activities within the Commonwealth of Pennsylvania, and has purposely established significant contacts within Pennsylvania.

23.     At all times relevant hereto, Blank Rome was acting by and through its employees, servants, agents, workmen, and/or staff, all of whom were acting within the course and scope of their employment, for and on behalf of Blank Rome.

24.     Defendant, Nochumson P.C., (hereinafter "Nochumson") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at the above captioned address.

25.     At all times relevant hereto, Nochumson has carried out, and continues to carry out, substantial, continuous, and systematic business activities within the Commonwealth of Pennsylvania, and has purposely established significant contacts within Pennsylvania.

26.     At all times relevant hereto, Nochumson was acting by and through its employees, servants, agents, workmen, and/or staff, all of whom were acting within the course and scope of their employment, for and on behalf of Nochumson.

27.     Defendant, Jared Klein, is an adult individual and citizen of the State of New Jersey with a proper place of service at the above captioned address.

Case ID: 241000962

28.    Defendant, The Law Offices of Jared N. Klein, is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at the above captioned address.

29.    At all times relevant hereto, The Law Offices of Jared N. Klein has carried out, and continues to carry out, substantial, continuous, and systematic business activities within the Commonwealth of Pennsylvania, and has purposely established significant contacts within Pennsylvania.

30.    At all times relevant hereto, The Law Offices of Jared N. Klein was acting by and through its employees, servants, agents, workmen, and/or staff, all of whom were acting within the course and scope of their employment, for and on behalf of The Law Offices of Jared N. Klein.

31.    Defendants, ABC Corporations (1-10), are currently unknown individuals and/or business entities which were law firms that employed and/or supervised Mr. Klein during his representation of Plaintiffs and were responsible for supervising Mr. Klein and his misconduct. Their identities, after reasonable investigation, are unknown to Plaintiff.

32.    At all times mentioned herein, Defendants, ABC Corporations (1-10) were acting by and through its employees, servants, and actual, apparent, and/or ostensible agents, acting within the course and scope of their employment, service, and/or agency.

33.    Pursuant to Pennsylvania Rule of Civil Procedure 2005, Defendants ABC Corporations (1-10) are currently unidentified, fictitious defendants added ABC Corporation designations to this action where their names/identities are unknown despite a reasonable and diligent search.

34.    A reasonable and diligent search was conducted to determine the actual names/identities of ABC Corporations (1-10).

Case ID: 241000962

35.    Plaintiff reserves the right to amend this Complaint and name said unknown individuals and/or entities, designated ABC Corporations (1-10) as aforementioned, as a defendant(s) pursuant to Pennsylvania Rules of Civil Procedure 2005 and 1033.

36.    At all relevant times, Mr. Klein was an attorney licensed to practice law in the Commonwealth of Pennsylvania until his disbarment in August 2024.

37.    At all times relevant hereto, Defendants, Blank Rome and Nochumson are law firms in the Commonwealth of Pennsylvania and provided legal services to clients such as Plaintiffs.

38.    Defendants, Blank Rome and Nochumson, each employed Mr. Jared Klein at various times as set forth herein and are complicit in and jointly and severally liable for his malpractice and fraudulent practices.

39.    Pursuant to Pa.R.Civ. 1042.3, Plaintiff will file the appropriate certificate with the Court.

### FACTUAL ALLEGATIONS

40.    On October 4, 2004, Mr. Klein was admitted by the Supreme Court of Pennsylvania to practice law in the Commonwealth of Pennsylvania, Attorney ID # 92831.

41.    As part of Mr. Klein's admission, he, like every attorney licensed to practice law in the Commonwealth of Pennsylvania, affirmed to "***discharge the duties of my office with fidelity, as well to the court as to the client, that I will use no falsehood, nor delay the cause of any person for lucre or malice.***"

42.    For over 20 years, Mr. Klein focused his practice on land use and zoning, general real estate, and commercial litigation matters, and, in doing so, held himself out to potential clients as one that they could trust in handling these matters with upmost care and diligence.

Case ID: 241000962

43.    In approximately 2018, Mr. Klein was engaged by Mr. De Berardine to perform services as Mr. De Berardine's personal attorney and attorney for various entities, including the named Plaintiffs.

44.    Mr. Klein worked for several national law firms prior to joining Blank Rome's Philadelphia office as *Of Counsel* in 2020.

45.    Mr. Klein joined Blank Rome's Real Estate Department.

46.    Mr. Klein and Blank Rome executed an engagement letter to serve as the attorneys for the above-named Plaintiffs in a variety of legal matters.



BLANKROME
One Logan Square
130 North 18th Street │Philadelphia, PA 19103-6998

Phone:    215-569-5418
Fax:    215-832-5418
Email:    Jklein@blankrome.com

March 26, 2020

**VIA EMAIL**

Micheline and James DeBerardine and Margaret DeBerardine
Meritis Group LLC and ~~Cullo~~ Culloo Entertainment LLC
2140 S. Dupont Highway
Camden, DE 19334

Re:    Culloo Entertainment v Singh, Culloo Entertainment v. Richardson & Harmon Group v. Meritis Group

Dear Micheline and James:

We look forward to representing Meritis Group LLC and ~~Cullo~~ Culloo Entertainment LLC in connection with the above-referenced matters.   We are pleased that you have selected us.

47.    Mr. Klein was based in Blank Rome's Philadelphia office.

48.    Mr. Klein departed Blank Rome in November 2023 and joined Defendant Nochumson in January of 2024.

9

Case ID: 241000962

49.     The circumstances of Mr. Klein's departure from Blank Rome are unclear – whether he left willingly or was terminated once his misconduct came to light.

50.     At no point in time did Blank Rome notify Plaintiffs or Mr. De Berardine of Mr. Klein's misconduct.

51.     Mr. Klein continued to be Plaintiffs' attorney while employed by Nochumson, where his egregious conduct continued.

52.     Because Blank Rome failed to notify Plaintiffs and Mr. De Berardine of Mr. Klein's misconduct, Mr. Klein was able to freely continue working on Plaintiffs' legal matters while employed at Nochumson.

53.     Blank Rome and Nochumson each employed Mr. Klein while he was committing fraud, malpractice, and breaking promises to Plaintiffs and Mr. De Berardine.

54.     At all relevant times, Mr. Klein undertook active representation of the Plaintiffs, with the knowledge and consent of Blank Rome and Nochumson P.C.

55.     The following paragraphs provide additional information of a few of Mr. Klein's transgressions while acting as an agent of Blank Rome and/or Nochumson. The complete list is far more exhaustive.

56.     In 2018, Mr. Klein was retained to perform legal services on a trademark infringement case involving one of Mr. De Berardine's entities, Culloo Entertainment LLC.

57.     Mr. Klein was retained to file a breach of contract claim and represented to Mr. De Berardine that he would.

58.     Mr. Klein never filed the claim, the statute of limitations passed, and Culloo Entertainment LLC's bank accounts were garnished.

Case ID: 241000962

59.    Mr. Klein then provided to Culloo Entertainment LLC and Mr. De Berardine a **_forged_** court order ruling upon a purported motion for sanctions.



60.    This order is fake, brandishes a forged signature of a Judge, and the fake Case ID corresponds to a different and entirely separate case.

61.    When Mr. Klein joined Blank Rome, the engagement letter between the firm and Culloo Entertainment LLC confirmed representation of this matter.

62.    In fact, the underlying case was never filed in the first place, and when Mr. Klein provided Culloo Entertainment LLC and Mr. De Berardine the forged Order, the only rational conclusion is that he did so to deceit Mr. De Berardine.

63.    Blank Rome allowed the statute of limitations to lapse.

Case ID: 241000962

64.    Later in 2019, Mr. Klein was engaged to represent Mr. De Berardine and Culloo Entertainment LLC in another breach of contract claim.

65.    Mr. Klein continued to claim to Mr. De Berardine that he was prosecuting this matter while he was at Blank Rome.

66.    Mr. Klein never filed the underlying claim and on September 10, 2022, forged **_another_** Court Order.

67.    This time, Mr. Klein forged a judgment order in the amount of $149,000.00, brandishing a Judge's signature and a Case ID, both of which were fake.



68.    The statute of limitations for this claim too has lapsed.

69.    The date of the forgery was September 10, 2022, while Mr. Klein was working at Blank Rome.

Case ID: 241000962

70.    In 2023, Mr. De Berardine was in the process of expanding his successful hospitality brand, NOTO, to Houston, Texas and opening another nightclub through the operating entity, No Ordinary Hospitality Group – Houston LLC.

71.    While employed at Blank Rome, Mr. Klein, without supervision, negotiated the rental agreement for No Ordinary Hospitality Group – Houston LLC's commercial lease in Houston, Texas.

72.    At all times material hereto, Mr. Klein was not a member of the State Bar of Texas.

73.    After No Ordinary Hospitality Group – Houston became operational, Mr. Klein was tasked with filing a breach of contract claim through Blank Rome's licensed attorneys in Texas.

74.    Mr. Klein never filed the claim and ***forged a default judgment in favor of No Ordinary Hospitality Group – Houston LLC***.

75.    Mr. De Berardine, reasonably relying upon the ***forged*** default judgment unbeknownst to him, attempted to execute the default judgment.

76.    Obviously, this was impossible – as it was fake, and Mr. De Berardine did not receive a response from the Court.

77.    Mr. De Berardine then tasked Mr. Klein with executing the default judgment, who then informed Mr. De Berardine that "the Judge was in rehab" so the case was delayed, and the ***forged*** judgment could not be executed.

78.    Mr. Klein did not stop – providing Mr. De Berardine another ***fake and forged order***.

79.    This time, Mr. Klein forged an order for injunctive relief and sanctions from the United States District Court Southern District of Texas.

80.    The order was entirely fake and the case was never even filed.

81.    The order brandished a forged signature of a federal judge.

Case ID: 241000962

Case 24-00245-che Doc 7 Filed 05/29/24 Entered 05/29/24

IN THE UNITED STATES DISTRICT COURT FIRST JUDICIAL
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

NO ORDINARY
HOSPITALITY GROUP
HOUSTON LLC                          :
                                     :        NO:24-cv-002450
         Petitioner                  :
                                     :
              v.                     :
                                     :
MCK3000 LLC                          :
                                     :
                                     :
         Respondent                  :

**ORDER**

**AND NOW,** this 29th day of May, 2024, upon consideration of the report of the

settlement master and following a hearing on Petitioner's request for injunctive relief and for

sanctions, it is **HEREBY ORDERED** as follows:

---

Case 24-00245-cje Doc 7 Filed 05/29/24 Entered 05/29/24

    5.      Any damages stemming from delayed repairs shall be addressed at a separate proceeding.
All late fees are hereby abated until further order of this Court.

Hon. Charles Eskridge

**82.**   Then, Mr. Klein ***forged a judgment in the fake federal court action***.

**83.**   Mr. Klein forged the judgment, forged the signature of the clerk, and dated the order

as April 30, **2029**.

14

Case ID: 241000962

AO 450 (Rev. 11/11)  Judgment in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas ▾

No Ordinary Hospitality Group Houston LLC ⟩
*Plaintiff* ⟩
v. ⟩  Civil Action No. 24-00049-mfc
Tenishia Hudspeth o/b/o Harris County Clerk ⟩
*Defendant* ⟩

## JUDGMENT IN A CIVIL ACTION

The court has ordered that *(check one)*:

☐ the plaintiff *(name)*  No Ordinary Hospitality Group Houston LLC    recover from the
defendant *(name)*    Tenishia Hudspeth o/b/o Harris County Clerk    the amount of
Twenty-Five Thousand    dollars ($ 25,000.00 ), which includes prejudgment
interest at the rate of    4.00  %, plus post judgment interest at the rate of    4.20  % per annum, along with costs.

☐ the plaintiff recover nothing, the action be dismissed on the merits, and the defendant *(name)*
  recover costs from the plaintiff *(name)*

☑ other:   Judgment to be entered against Harris County Clerk and judicial district

This action was *(check one)*:

☐ tried by a jury with Judge    presiding, and the jury has
rendered a verdict.

☐ tried by Judge    without a jury and the above decision
was reached.

☑ decided by Judge Crane    on a motion for
  Writ of Mandamus seeking issuance of judicial decision

Date:  4/30/29

CLERK OF COURT

*Signature of Clerk or Deputy Clerk*

84.   Again, the statute of limitations has now lapsed.

85.   Because of the Houston litigation – and Mr. Klein's patently false representations to Mr. De Berardine and No Ordinary Hospitality Group Houston LLC, the landlord then sued No Ordinary Hospitality Group Houston LLC and sought for their eviction.

86.   On September 25, 2024, the Harris County, Texas Court entered a judgment in favor of the landlord, granting them with a writ of possession effective of October 2, 2024, against No Ordinary Hospitality Group Houston LLC.

Case ID: 241000962

87.    As a result of this misconduct, No Ordinary Hospitality Group Houston LLC will likely be evicted from its Houston leasehold, where they had injected substantial funds in the build out and operations of the establishment.

88.    In April of 2021, while working for Blank Rome, Mr. De Berardine retained Mr. Klein and Blank Rome to defend Culloo Entertainment LLC in a personal injury action.

89.    The representation of this matter continued into Mr. Klein's tenure at Nochumson.

90.    Mr. Klein discussed with Mr. De Berardine the concept of a binding high/low arbitration, whereupon Mr. Klein was given authority to enter into such agreement with the "high" being no more than $300,000.

91.    Mr. Klein ignored Mr. De Berardine's authority and proceeded to binding arbitration and agreed to a high-low in multiples of the given authority.

92.    The arbitration panel awarded $995,000.00, and the judgment was entered against Culloo.

Case ID: 241000962



93.     The plaintiff in this matter has sought a writ of execution and taken efforts to garnish financial accounts.

94.     The judgment was entered while Mr. Klein was an employee of Nochumson, however, while employed at Blank Rome, Mr. Klein missed deadlines, failed to retain expert witnesses, and ignored Mr. De Berardine's wishes and authority, resulting in the ultimate judgment against Culloo.

95.     Upon information and belief, Mr. Klein recommended the binding arbitration to Culloo while he was employed by Blank Rome – and did so because of his consistent failures to meet deadlines, retain experts, and efficiently litigate the case.

Case ID: 241000962

96.    In 2023, Mr. Klein, while working at Blank Rome, was engaged to defend Meritis Group LLC to defend a breach of contract claim.

97.    The action stemmed from a 120-unit construction project in which Meritis Group LLC was the owner/developer.

98.    The construction contract was negotiated and drafted by Mr. Klein while employed by Blank Rome.

99.    Mr. Klein did not defend this action, and provided Mr. De Berardine with ***fake motions, fake discovery responses, and fake praecipes***.

100.    In fact, Mr. Klein was further engaged to prosecute a counter claim on Meritis Group LLC's behalf.

101.    Mr. Klein was also tasked with filing the "Notice of Commencement" for the construction project.  He never did – which allowed the contractor to mismanage more than $700,000.00 of funds.

102.    Mr. Klein never prosecuted this breach of contract matter, and the statute of limitations has passed.

103.    Because of Mr. Klein's misconduct, the project has been inevitably and permanently delayed, costing Meritis Group LLC millions of dollars.

104.    Mr. Klein again forged court orders and motions, and even forged fake praecipes in which he conveyed to Mr. De Berardine were filed with the court.

105.    The praecipes were never filed with the court.

106.    For this same project and matter, Mr. Klein represented to Meritis Group LLC that he would be applying for and securing the City of Philadelphia's ten-year tax abatement prior to its expiration.

Case ID: 241000962

107.    Mr. Klein failed to properly file the appropriate documentation to obtain the ten-year tax abatement despite representing that he had done so.

108.    In 2021 while employed by Blank Rome, Mr. Klein claimed to have initiated a breach of contract claim in a leasehold dispute between Meritis Group LLC and its tenant.

109.    Mr. Klein never filed the claim and then forged a settlement agreement, and once employed by Nochumson, forged *a wire receipt showing payment from the tenant for $78,000.00*.

110.    Mr. Klein emailed Plaintiffs, indicating that he had received the wire receipt and that it would be sent to the Meritis Group LLC bank account.



111.    The wire receipt was forged by Mr. Klein, and the funds were never deposited in the account.

Case ID: 241000962



112.    In a separate matter, in 2022 while working as an attorney for Blank Rome, Mr. Klein emailed Mr. De Berardine "at long last," a **_forged_** court order.



113.    The court order brandished a photoshopped signature of a Judge who retired from the bench four years earlier.

Case ID: 241000962

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

CULLOO ENTERTAINMENT, LLC     :     **JANUARY TERM, 2019**

      **Plaintiff**

      v.       No. 3129

      **Defendant**

DOCKETED

*APR 25* 2022
C.HART
CMLADMINISTRATION

### ORDER

**AND NOW**, this 25th day of April, 2022, it is hereby **ORDERED** that judgment is entered in favor of Plaintiff and against _____ in the amount of $20,000.00 in accordance with this court's finding for Plaintiff following Plaintiffs' Motion for Default Judgment.

**BY THE COURT:**

McINERNEY, J.

114.     This is only a snapshot of the egregious conduct committed by Mr. Klein, who provided Mr. De Berardine with ***dozens of fraudulent, fake, and forged Court Orders, default judgments, motions for sanctions, and settlement agreements***.

115.     Mr. Klein falsified the above referenced documents.

116.     Plaintiffs have yet to determine the full scope of Defendants' misappropriations, misrepresentations, and fraudulent conduct.

117.     Defendants negligently, intentionally and fraudulently represented to Plaintiffs that their legal matters were being handled with due and upmost care – when, in reality, the legal matters were not being handled at all, resulting in catastrophic economic harm to Plaintiffs.

Case ID: 241000962

**118.** All of this occurred while Mr. Klein was employed by the law firms of Blank Rome and Nochumson.

**119.** The law firms of Blank Rome and Nochumson fraudulently billed Plaintiffs for the activities articulated above.

**120.** As a result of the misconduct mentioned above, on October 1, 2024, Culloo was forced to file for Chapter 11 Bankruptcy in the Eastern District of Pennsylvania.

**121.** Pennsylvania Rule of Professional Conduct 3.3—Candor Toward the Tribunal, states, in pertinent part:

> (a) A lawyer shall not knowingly:
>
>> (1) make a false statement of material fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;
>>
>> (2) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or
>>
>> (3) offer evidence that the lawyer knows to be false.

**122.** Pennsylvania Rule of Professional Conduct 4.1 – Truthfulness in Statements to Others, states, in pertinent part:

> In the course of representing a client a lawyer shall not knowingly:
>
>> (a) make a false statement of material fact or law to a third person; or
>>
>> (b) fail to disclose a material fact to a third person when disclosure is necessary to avoid aiding and abetting a criminal or fraudulent act by a client, unless disclosure is prohibited by Rule 1.6.

**123.** On August 19, 2024, Mr. Klein was disbarred from the Bar of the Commonwealth of Pennsylvania.

Case ID: 241000962

---

**IN THE SUPREME COURT OF PENNSYLVANIA**

| | | |
|---|---|---|
| OFFICE OF DISCIPLINARY COUNSEL, | : | No. 3070 Disciplinary Docket No. 3 |
| | : | |
| Petitioner | : | No. 81 DB 2024 |
| | : | |
| | : | Attorney Registration No. 92831 |
| v. | : | |
| | : | (Philadelphia) |
| JARED NOAH KLEIN | : | |
| | : | |
| Respondent | : | |

**ORDER**

**PER CURIAM**

AND NOW, this 19th day of August, 2024, upon consideration of the Verified Statement of Resignation, Jared Noah Klein is disbarred on consent from the Bar of this Commonwealth. *See* Pa.R.D.E. 215. Respondent shall comply with the provisions of Pa.R.D.E. 217 and pay costs to the Disciplinary Board. *See* Pa.R.D.E. 208(g).

---

124.    As a direct and proximate result of Defendants, Blank Rome LLP, Nochumson P.C., and Mr. Klein's carelessness, negligence, gross negligence, recklessness, willful and wanton conduct, and fraud, Mr. De Berardine, and his companies named as Plaintiffs here, have suffered millions of dollars in direct and consequential economic damages as a result of Mr. Klein's deceit.

125.    The negligence, recklessness, fraudulent, and intentional misconduct and misrepresentation of Defendants caused direct and consequential damages have caused millions of dollars in direct and consequential economic damages, including lost business ventures, uncollectable judgments, judgments entered against Plaintiffs, lapsed statutes of limitation, and judgements against Plaintiffs resulting from Defendants settling cases far outside the scope of client authority.

126.    Additionally, this type of outrageous behavior demands awards to treble damages and punitive damages to punish the bad actors and deter others.

Case ID: 241000962

**127.** Throughout this ordeal, Blank Rome and Nochumson sent numerous fraudulent legal bills for services that were never actually rendered.

**128.** Defendants are jointly and severally liable for the injuries and damages alleged herein.

<div align="center">

**COUNT I – LEGAL MALPRACTICE**
**PLAINTIFFS v. ALL DEFENDANTS**

</div>

**129.** Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

**130.** Defendants herein owed a duty to represent Plaintiffs fully and properly at all times pursuant to their retainer(s) and/or agreement(s).

**131.** Defendants were engaged by Plaintiffs to serve as their lawyers.

**132.** At all relevant times, Mr. Klein was an employee and/or agent of Defendants Blank Rome and Nochumson.

**133.** At all relevant times, the conduct of Mr. Klein occurred while in the course and scope of his employment with Defendants Blank Rome and Nochumson.

**134.** Defendants failed to properly manage and litigate Plaintiffs' claims and defenses and failed to do so expeditiously, causing multiple statutes of limitations to lapse, causing irreparable harm to Plaintiffs.

**135.** Defendants failed to supervise Mr. Klein and allowed Mr. Klein to commit fraud and forge court documents while under their supervision and direction.

**136.** At all relevant times, Mr. Klein failed to exercise ordinary skill and knowledge of an attorney in his position.

**137.** At all relevant times, Mr. Klein failed to follow specific instructions of Plaintiffs, including, *inter alia*, to file claims, counterclaims, and to settle claims within a set authority.

Case ID: 241000962

138.    As Plaintiffs' attorneys, Defendants owed a duty of care to competently and skillfully represent the Plaintiffs' interests as would a similarly situated attorney.

139.    Defendants committed culpable acts of legal malpractice by allowing statutes of limitations to lapse, forging court documents, forging default judgments, forging court orders, forging settlement agreements, and forging wire receipts.

140.    Plaintiffs believe and therefore aver that Defendants breached their duty of care to competently represent Plaintiffs and committed acts of legal malpractice.

141.    Defendants breached the duty of good faith and committed legal malpractice by failing to disclose to Plaintiffs Mr. Klein's egregious errors.

142.    Defendants held themselves out as representing Plaintiffs, but only acted to damage Plaintiffs and not represent their interests.

143.    Despite their duty, and direct breach thereof, Defendants failed to perform their respective duties appropriately and reasonably by failing to investigate, litigate, prosecute, and defend Plaintiffs' claims, leaving Plaintiff in a position to attempt to discover information relevant to the underlying claims in the context of the instant lawsuit.

144.    Despite their duty, and direct breach thereof, Defendants failed to perform their respective duties appropriately and reasonably by failing to timely file claims and counterclaims, including multiple of which at the prime direction of Plaintiffs.

145.    Despite their duty, and direct breach thereof, Defendants failed to perform their respective duties appropriately and reasonably by forging court documents, court orders, settlement agreements, and wire receipts, in an attempt to induce Plaintiffs into believing their interests were adequately represented.

Case ID: 241000962

146.     Defendants knew or should have known that their negligence in failing to investigate, litigate, prosecute, and defend Plaintiffs' claims within the respective statutory periods as defined by the Pennsylvania Rules of Civil Procedure did not protect or represent Plaintiffs' interests.

147.     Defendants knew or should have known that Plaintiffs, having retained them as their counsel, were relying on their professional representation, competence, and diligence, and would not discover Defendants' negligent conduct in a timely manner in order to take measures to protect their own interests.

148.     Defendants' conduct has resulted in significant harm to Plaintiffs, that harm being Plaintiffs' inability to recover damages and/or defend themselves in the above-described incidents.

149.     As a direct and proximate result of the Defendants' malpractice and breach of the duty of care, Plaintiffs have sustained direct and consequential economic losses.

150.     By reason of the carelessness, negligence, gross negligence, reckless, fraud, and/or other liability producing conduct of Defendants, as aforesaid, Plaintiffs were caused to sustain direct and consequential economic losses.

**WHEREFORE,** Plaintiffs, claims of Defendants, Blank Rome LLP, Nochumson P.C., The Law Offices of Jared N. Klein, and Jared Klein, jointly and/or severally, sums in excess of the jurisdictional threshold in damages, in addition to interest, costs, delay damages, and punitive, treble, and compensatory damages, pursuant to Pa.R.C.P. §238, and brings this action to recover the same.

### COUNT II – INTENTIONAL AND FRAUDULENT MISREPRESENTATION
### PLAINTIFFS v. ALL DEFENDANTS

151.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

Case ID: 241000962

152.    At all times relevant hereto, Defendants owed Plaintiffs their highest duty of care to perform legal services prudently, reasonably, and with the ordinary skill and knowledge of similarly situated lawyers.

153.    Defendants engaged in fraud, deceit, misrepresentation and malicious conduct in their dealings with Plaintiffs and other officers of the court.

154.    Defendants represented to its clients, including Plaintiffs, that they would perform legal services prudently, reasonably, and with the ordinary skill and knowledge of similarly situated lawyers.

155.    These representations were material to Plaintiffs during the course of Defendants serving as Plaintiffs' lawyers.

156.    These misrepresentations were made knowingly and intentionally.

157.    Defendants had *actual knowledge* of the risk of harm that was posed to Plaintiffs as a result of their deceit, namely, failing to perform legal services, engaging in fraud, and forging court orders, court documents, wire receipts, judgments, settlement agreements, and wire receipts.

158.    Despite knowledge of the fraud, Defendants continued to represent to Plaintiffs that their legal matters were being and would be handled.

159.    Plaintiffs justifiably relied upon Defendants' false representations that Defendants were performing legal services prudently, reasonably, and with the ordinary skill and knowledge of similarly situated lawyers.

160.    The conduct of Defendants, as described above, demonstrated a reckless disregard for the representation of Plaintiffs.

Case ID: 241000962

**161.**    Defendants' employees, supervisors, and management were aware or should have been aware of the misconduct engaged in by Mr. Klein and his representations to Plaintiffs, as described above.

**162.**    Despite this knowledge, Defendants failed to reprimand, remediate, and/or notify Plaintiffs of Mr. Klein's misconduct.

**163.**    Through this conduct, Defendants fraudulently and intentionally misrepresented the legal services provided and/or performed for Plaintiffs.

**164.**    Defendants' conduct, as described above, demonstrated a wanton disregard for the wellbeing of Plaintiffs and their legal interests.

**165.**    By reason of the carelessness, negligence, gross negligence, recklessness, and outrageous conduct of Defendants, as aforesaid, Plaintiffs were caused to sustain direct and consequential economic losses.

**166.**    By reason of the fraudulent misrepresentations of Defendants, as aforesaid, Plaintiffs were caused to sustain direct and consequential economic losses.

**167.**    By reason of the intentional misrepresentations of Defendants, as aforesaid, Plaintiffs were caused to sustain direct and consequential economic losses.

**WHEREFORE,** Plaintiffs, claims of Defendants, Blank Rome LLP, Nochumson P.C., The Law Offices of Jared N. Klein, and Jared Klein, jointly and/or severally, sums in excess of the jurisdictional threshold in damages, in addition to interest, costs, delay damages, and punitive, treble, and compensatory damages, pursuant to Pa.R.C.P. §238, and brings this action to recover the same.

## COUNT III – BREACH OF FIDUCIARY DUTY
## PLAINTIFFS v. ALL DEFENDANTS

**168.**    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

Case ID: 241000962

**169.**    As a licensed attorney in the Commonwealth of Pennsylvania, Mr. Klein owed Plaintiffs a fiduciary duty of care, loyalty, and to act in good faith.

**170.**    As the attorney and representative of Defendants, Mr. Klein owed Plaintiffs a fiduciary duty of care, loyalty, and to act in good faith.

**171.**    Defendants brazenly violated these duties by forging court orders, documents, settlement agreements, wire receipts, disobeying client authority, and patently lying and concealing to Plaintiffs the true extent of the legal services being provided, as detailed in the foregoing paragraphs.

**172.**    Defendants held themselves out as representing Plaintiffs, but only acted to damage Plaintiffs and not represent their interests.

**173.**    Despite their duty, and direct breach thereof, Defendants failed to perform their respective duties appropriately and reasonably by failing to investigate, litigate, prosecute, and defend Plaintiffs' claims, leaving Plaintiff in a position to attempt to discovery information relevant to the underlying claims in the context of the instant lawsuit.

**174.**    Despite their duty, and direct breach thereof, Defendants failed to perform their respective duties appropriately and reasonably by failing to timely file claims and counterclaims, including multiple of which at the prime direction of Plaintiffs.

**175.**    Despite their duty, and direct breach thereof, Defendants failed to perform their respective duties appropriately and reasonably by forging court documents, court orders, settlement agreements, and wire receipts, in an attempt to induce Plaintiffs into believing their interests were adequately represented.

**176.**    Defendants knew or should have known that their negligence in failing to investigate, litigate, prosecute, and defend Plaintiffs' claims within the respective statutory periods

Case ID: 241000962

as defined by the Pennsylvania Rules of Civil Procedure did not protect or represent Plaintiffs' interests.

177.   Defendants knew or should have known that Plaintiffs, having retained them as their counsel, were relying on their professional representation, competence, and diligence, and would not discover Defendants' negligent conduct in a timely manner in order to take measures to protect their own interests.

178.   Defendants' conduct has resulted in significant harm to Plaintiffs, that harm being Plaintiffs' inability to recover damages and/or defend themselves in the above-described incidents.

179.   As a direct and proximate result of the Defendants' malpractice and breach of the duty of care, Plaintiffs have sustained direct and consequential economic losses.

180.   By reason of the carelessness, negligence, gross negligence, reckless, fraud, and/or other liability producing conduct of Defendants, as aforesaid, Plaintiffs were caused to sustain direct and consequential economic losses.

**WHEREFORE,** Plaintiffs, claims of Defendants, Blank Rome LLP, Nochumson P.C., The Law Offices of Jared N. Klein, and Jared Klein, jointly and/or severally, sums in excess of the jurisdictional threshold in damages, in addition to interest, costs, delay damages, and punitive, treble, and compensatory damages, pursuant to Pa.R.C.P. §238, and brings this action to recover the same.

### COUNT IV – NEGLIGENT SUPERVISION
### PLAINTIFFS v. ALL DEFENDANTS

181.   Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

182.   At all times relevant hereto, Defendants served as legal counsel and representation to Plaintiffs, managing Plaintiffs' legal affairs and business dealings.

Case ID: 241000962

**183.**    During this time, Defendants violated its duty to supervise the legal representation of Plaintiffs and the misconduct of its employee, Mr. Klein.

**184.**    In particular, Defendants knew or should have known that Mr. Klein was, in fact, not performing legal work, committing fraud, and acting in a manner directly contrary to Plaintiffs' authority and wishes, amongst other offenses.

**185.**    At all relevant times, Defendants knew or should have known that these and other instances of misconduct contradicted the objectives that Plaintiffs communicated to Mr. Klein.

**186.**    Defendants held themselves out as representing Plaintiffs, but only acted to damage Plaintiffs and not represent their interests.

**187.**    Defendants failed to perform their respective duties appropriately and reasonably by failing to investigate, litigate, prosecute, and defend Plaintiffs' claims, leaving Plaintiff in a position to attempt to discovery information relevant to the underlying claims in the context of the instant lawsuit.

**188.**    Defendants failed to perform their respective duties appropriately and reasonably by failing to timely file claims and counterclaims, including multiple of which at the prime direction of Plaintiffs.

**189.**    Defendants failed to perform their respective duties appropriately and reasonably by forging court documents, court orders, settlement agreements, and wire receipts, in an attempt to induce Plaintiffs into believing their interests were adequately represented.

**190.**    Defendants knew or should have known that their negligence in failing to supervise Mr. Klein, and their failure to investigate, litigate, prosecute, and defend Plaintiffs' claims within the respective statutory periods as defined by the Pennsylvania Rules of Civil Procedure did not protect or represent Plaintiffs' interests.

Case ID: 241000962

191.    Defendants knew or should have known that Plaintiffs, having retained them as their counsel, were relying on their professional representation, competence, and diligence, and would not discover Defendants' negligent conduct in a timely manner in order to take measures to protect their own interests.

192.    Defendants' conduct has resulted in significant harm to Plaintiffs, that harm being Plaintiffs' inability to recover damages and/or defend themselves in the above-described incidents.

193.    As a direct and proximate result of the Defendants' malpractice and breach of the duty of care, Plaintiffs have sustained direct and consequential economic losses.

194.    By reason of the carelessness, negligence, gross negligence, reckless, fraud, and/or other liability producing conduct of Defendants, as aforesaid, Plaintiffs were caused to sustain direct and consequential economic losses.

**WHEREFORE,** Plaintiffs, claims of Defendants, Blank Rome LLP, Nochumson P.C., The Law Offices of Jared N. Klein, and Jared Klein, jointly and/or severally, sums in excess of the jurisdictional threshold in damages, in addition to interest, costs, delay damages, and punitive, treble, and compensatory damages, pursuant to Pa.R.C.P. §238, and brings this action to recover the same.

## COUNT V – FRAUD
## PLAINTIFFS v. ALL DEFENDANTS

195.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

196.    From at least 2018, Defendants were authorized to handle the legal representation of Plaintiffs, perform legal work, and to submit legal filings on behalf of Plaintiffs.

197.    Defendants were authorized to act in the interests of Plaintiffs and their instructions, but Defendants willfully made material misstatements, misrepresentations, and omissions to Plaintiffs about their activities on his behalf in order to continue recouping legal fees and costs.

32

Case ID: 241000962

198.    For example, during this time, Defendants forged a wire receipt indicating payment to Plaintiffs, forged court orders, forged settlement agreements, and forged default judgments amongst other court filings which they held out to Plaintiff to be true, accurate, and real.

199.    In reality, each of the above-mentioned documents was entirely fake.

200.    Defendants forged the signatures of Judges, court clerks, and even that of opposing parties.

201.    Defendants also created false documents to cover up their crimes, including fake wire receipts and a default judgment in Federal Court.

202.    In furtherance of their fraud and schemes, Defendants regularly made materially false states – and created materially false documentation to support their statements – to Plaintiffs and their representatives about the true status of their legal matters and the services that were actually being provided to Plaintiffs.

203.    The purpose of Defendants' material misstatements, misrepresentations, and omissions was to conceal their fraud.

204.    Defendants had *actual knowledge* of the risk of harm that was posed to Plaintiffs as a result of their deceit, namely, failing to perform legal services, engaging in fraud, and forging court orders, court documents, wire receipts, judgments, settlement agreements, and wire receipts.

205.    Despite knowledge of the fraud, Defendants continued to represent to Plaintiffs that their legal matters were being and would be handled.

206.    Defendants' motivation for intentionally misrepresenting Plaintiffs was to make money.

Case ID: 241000962

207.    Plaintiffs justifiably relied upon Defendants' false representations that Defendants were performing legal services prudently, reasonably, and with the ordinary skill and knowledge of similarly situated lawyers.

208.    The conduct of Defendants, as described above, demonstrated a reckless disregard for the representation of Plaintiffs.

209.    Defendants' employees, supervisors, and management were aware of the misconduct engaged in by Mr. Klein and his representations to Plaintiffs, as described above.

210.    Despite this knowledge, Defendants failed to reprimand, remediate, and/or notify Plaintiffs of Mr. Klein's misconduct.

211.    Through this conduct, Defendants fraudulently and intentionally misrepresented the legal services provided and/or performed for Plaintiffs.

212.    Defendants' conduct, as described above, demonstrated a wanton disregard for the wellbeing of Plaintiffs and their legal interests.

213.    By reason of the carelessness, negligence, gross negligence, recklessness, and outrageous conduct of Defendants, as aforesaid, Plaintiffs were caused to sustain direct and consequential economic losses.

214.    By reason of the fraudulent misrepresentations of Defendants, as aforesaid, Plaintiffs were caused to sustain direct and consequential economic losses.

215.    By reason of the intentional misrepresentations of Defendants, as aforesaid, Plaintiffs were caused to sustain direct and consequential economic losses.

**WHEREFORE,** Plaintiffs, claims of Defendants, Blank Rome LLP, Nochumson P.C., The Law Offices of Jared N. Klein, and Jared Klein, jointly and/or severally, sums in excess of the jurisdictional threshold in damages, in addition to interest, costs, delay damages, and punitive,

Case ID: 241000962

treble, and compensatory damages, pursuant to Pa.R.C.P. §238, and brings this action to recover the same.

### COUNT VI – CIVIL CONSPIRACY
### PLAINTIFFS v. ALL DEFENDANTS

**216.** Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

**217.** At all times material hereto, Defendants combined with a common purpose to commit an unlawful act by unlawful means and for an unlawful purpose.

**218.** Defendants each committed an overt act in pursuance of such common purpose, including forging court documents, forging default judgments, forging court orders, forging settlement agreements, and forging wire receipts.

**219.** Defendants acted with an intent to harm Plaintiffs by depriving them of the true knowledge of their legal representations.

**220.** Defendants did so for their own benefit and without authorization or justification.

**221.** By reason of the fraudulent misrepresentations of Defendants, as aforesaid, Plaintiffs were caused to sustain direct and consequential economic losses.

**222.** By reason of the intentional misrepresentations of Defendants, as aforesaid, Plaintiffs were caused to sustain direct and consequential economic losses.

**WHEREFORE,** Plaintiffs, claims of Defendants, Blank Rome LLP, Nochumson P.C., The Law Offices of Jared N. Klein, and Jared Klein, jointly and/or severally, sums in excess of the jurisdictional threshold in damages, in addition to interest, costs, delay damages, and punitive, treble, and compensatory damages, pursuant to Pa.R.C.P. §238, and brings this action to recover the same.

Case ID: 241000962

**SALTZ MONGELUZZI BENDESKY, P.C.**

By:    */s/ Jeffrey P. Goodman*
       JEFFREY P. GOODMAN
       MAX H. DEHON
       *Attorneys for Plaintiffs*

Dated: October 8, 2024

36

Case ID: 241000962

## <u>**VERIFICATION**</u>

The averments or denials of fact contained in the foregoing document are based on

the signer's personal knowledge or information and belief after reasonable investigation, to

ascertain which of the inconsistent averments are true, but signer has knowledge or information

sufficient to form a belief that one of them is true. This Verification is made subject to the penalties

of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.


BY: ___/s/_____

JAMES DE BERARDINE


Dated:    10/07/2024

Filed and Attested by the
Office of Judicial Records
06 NOV 2024 03:12 pm
L. BREWINGTON

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

**Roman Otkupman SBN 249423**
**Otkupman Law Firm**
**5743 Corsa Ave Suite 123**
**Westlake Village, CA 91362**

TELEPHONE NO.: **(818) 293-5623**          FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):* **roman@olfla.com**
ATTORNEY FOR *(Name):*          **Plaintiff**

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
10/14/2024 10:18 PM
By: Raymond Rojas, DEPUTY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO - CENTRAL (EFILING)**
STREET ADDRESS: 247 W. 3rd St.
MAILING ADDRESS: 247 W. 3rd St.
CITY AND ZIP CODE: San Bernardino, CA 92415-0210
BRANCH NAME: SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
- CENTRAL (EFILING)

PLAINTIFF/PETITIONER: Sarina Stokes

DEFENDANT/RESPONDENT: Nationwide Guard Services, Inc.

| | CASE NUMBER: |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | CIVSB2423022 |
| | Ref. No. or File No.: |
| | Sarina Stokes |

*(Separate proof of service is required for each party served.)*

1.    At the time of service I was at least 18 years of age and not a party to this action.

2.    I served copies of: ***Summons, Complaint, Civil Case Cover Sheet, Certificate of Assignment, Notice of Case Assignment and Notice of CMC***

3.    a. Party served *(specify name of party as shown on documents served):* ***Nationwide Guard Services, Inc., a California Corporation***

      b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

      **By Serving James Woolen, Agent for Service**

4.    Address where the party was served: ***9327 Fairway View Pl, 200 Rancho Cucamonga, CA 91730***

5.    I served the party *(check proper box)*
      a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: (2) at:
      b. ☒ **by substituted service.** On: **9/23/2024** at: **04:00 PM** I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*
      Bryona Casteel  (Gender: F Age: 35 Height: 5'8 Weight: 150 Race: African American  Hair: Black  Other: Brown Eyes )
      **HR Manager**

      (1) ☒ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

**Page 1 of 2**

**PROOF OF SERVICE OF SUMMONS**

**Invoice # 10373414**

| PLAINTIFF/PETITIONER: Sarina Stokes | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Nationwide Guard Services, Inc. | CIVSB2423022 |

(4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:

*on:*  from*:*  **or** ☒ a declaration of mailing is attached.

(5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on*:*  (2) from*:*

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☒ On behalf of *(specify):* **Nationwide Guard Services, Inc., a California Corporation**
under the following Code of Civil Procedure section:

☒ 416.10 (corporation)  ☐ 415.95 (business organization, form unknown)
☐ 416.20 (defunct corporation)  ☐ 416.60 (minor)
☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
☐ 416.40 (association or partnership)  ☐ 416.90 (authorized person)
☐ 416.50 (public entity)  ☐ 415.46 (occupant)
  ☐ other:

7. **Person who served papers**
   a. Name: **Nicholas Shows**
   b. Address: **455 W. La Cadena Suite 17, Riverside, CA 92501**
   c. Telephone number: **951-369-8369**
   d. **The fee** for service was: **$82.59**
   e. I am:
   (1) ☐ not a registered California process server.
   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
   (3) ☒ a registered California process server:
      (i) ☐ owner ☐ employee ☒ independent contractor.
      (ii) Registration No.: **2834**
      (iii) County: **Orange**

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**JANNEY & JANNEY**
LEGAL SUPPORT SERVICE

▶

**Nicholas Shows**  Date: **09/27/2024**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| **Roman Otkupman SBN 249423**<br>**Otkupman Law Firm**<br>**5743 Corsa Ave Suite 123**<br>**Westlake Village, CA 91362**<br>ATTORNEY FOR   **Plaintiff** | **(818) 293-5623** | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO - CENTRAL (EFILING)<br>247 W. 3rd St.<br>San Bernardino, CA 92415-0210 | |
|---|---|
| SHORT TITLE OF CASE:<br>Sarina Stokes v Nationwide Guard Services, Inc. | |

| DATE:            TIME:            DEP./DIV. | CASE NUMBER:<br>CIVSB2423022 |
|---|---|
| **Proof of Service by Mail** | Ref. No. or File No:<br>Sarina Stokes |

I am at least 18 years of age, not a party to this action, and I am a resident of or employed in the county where the mailing took place.

On **09/25/2024**  I served the following document(s):

*Summons, Complaint, Civil Case Cover Sheet, Certificate of Assignment, Notice of Case Assignment and Notice of CMC*

on the person or entity listed below in accordance with CCP§415.20(a), CCP§415.20(b) or CCP§415.95(a) by placing a true copy thereof in a sealed envelope with postage fully pre-paid for First Class mail with the United States Postal Service.

Mailed from: **Riverside**, California addressed as follows:

**Nationwide Guard Services, Inc., a California Corporation**
**9327 Fairway View Pl, 200  Rancho Cucamonga, CA 91730**

Person completing service:

  a. Name: **Jennifer Wallin**
  b. Address: **455 W. La Cadena Suite 17, Riverside, CA 92501**
  c. Telephone number: **951-369-8369**
  d. **The fee** for this service was: **82.59**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



_____
    **Jennifer Wallin**            Date: **09/25/2024**

## AFFIDAVIT OF SERVICE

*Filed and Attested by the
Office of Judicial Records
28 OCT 2024 03:17 pm
C. IMPERATO*

**Commonwealth of Pennsylvania**                              **County of Philadelphia**          Pleas Court

Case Number: OCTOBER 2024  0962

Plaintiff:
**MERITIS GROUP LLC, ET AL**

vs.

Defendant:
**BLANK ROME LLP, ET AL**

For:
SALTZ MONGELUZZI & BENDESKY
One Liberty - 52nd Floor
1650 Market St
Philadelphia, PA 19103

Received by COURT HOUSE LEGAL SERVICES, INC. to be served on **LAW OFFICES OF JARED N. KLEIN, 520 COLLINGS AVE.,
APT B-608, OAKLYN, NJ 08107**.

I, Brian Ross, being duly sworn, depose and say that on the **27th day of October, 2024** at **8:10 am**, I:

**AUTHORIZED:**  served by delivering a true copy of the **COMPLAINT** to **JARED KLEIN** as **AUTHORIZED AGENT**, who stated they
are authorized to accept service for: **LAW OFFICES OF JARED N. KLEIN** at the address of: **520 COLLINGS AVE., APT B-608,
OAKLYN, NJ 08107**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 45, Sex: M, Race/Skin Color: WHITE, Height: 5'9, Weight: 175, Hair: BLACK, Glasses: Y

I am over the age of 18 and have no interest in the above action.

**Brian Ross**
Process Server

Subscribed and Sworn to before me on the 28th day of
October, 2024 by the affiant who is personally known to
me.

NOTARY PUBLIC

CHRISTOPHER J MULLEN
Notary Public, State of New Jersey
Commission # 2389225
My Commission Expires Sep 3, 2029

**COURT HOUSE LEGAL SERVICES, INC.**
**112 Haddontowne Ct, Ste. 304**
**Cherry Hill, NJ 08034**
**(856) 428-4700**

Our Job Serial Number: CHL-2024010806
Ref: NOTO #2024-856

Case ID: 241000962

## AFFIDAVIT OF SERVICE

*Filed and Attested by the
Office of Judicial Records
21 OCT 2024 03:42 pm
E. GILLIAM*

**Commonwealth of Pennsylvania**                    **County of Philadelphia**                    Common Pleas Court

Case Number: OCTOBER 2024  0962

Plaintiff:
**MERITIS GROUP LLC, ET AL**

vs.

Defendant:
**BLANK ROME LLP, ET AL**

For:
SALTZ MONGELUZZI & BENDESKY
One Liberty - 52nd Floor
1650 Market St
Philadelphia, PA 19103

Received by COURT HOUSE LEGAL SERVICES, INC. to be served on **JARED KLEIN, 520 COLLINGS AVE. APARTMENT B-608, OAKLYN, NJ 08107**.

I, Joshua Baum, being duly sworn, depose and say that on the **18th day of October, 2024** at **12:02 pm, I:**

**Personally served** the within named person with a true copy of the **COMPLAINT** and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 40, Sex: M, Race/Skin Color: WHITE, Height: 5'6, Weight: 150, Hair: BROWN, Glasses: Y

I am over the age of 18 and have no interest in the above action.

Subscribed and Sworn to before me on the 21st day of October, 2024 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

CHRISTOPHER J MULLEN
Notary Public, State of New Jersey
Commission # 2389225
My Commission Expires Sep 3, 2029

**Joshua Baum**
Process Server

**COURT HOUSE LEGAL SERVICES, INC.**
**112 Haddontowne Ct, Ste. 304**
**Cherry Hill, NJ 08034**
**(856) 428-4700**

Our Job Serial Number: CHL-2024010513
Ref: NOTO #2024-856

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

Case ID: 241000962

<table>
<tr><td>

**MERITIS GROUP LLC; CULLOO
ENTERTAINMENT LLC; NO ORDINARY
HOSPITALITY GROUP LLC; and
NO ORDINARY HOSPITALITY GROUP –
HOUSTON LLC**

<center>*Plaintiffs*</center>

<center>*vs*.</center>

**BLANK ROME LLP; NOCHUMSON P.C.;
LAW OFFICE OF JARED N. KLEIN;
JARED KLEIN; and ABC
CORPORATIONS (1-10)**

<center>*Defendants*.</center>

</td><td>

**PHILADELPHIA COUNTY
COURT OF COMMON PLEAS
TRIAL DIVISION**

**OCTOBER TERM, 2024**

**NO. 0962**

**JURY TRIAL DEMANDED**

</td></tr>
</table>

*Filed and Attested by the
Office of Judicial Records
24 OCT 2024 09:21 am
G. IMPERATO*

<u>**ACCEPTANCE OF SERVICE**</u>

I, Laurence S. Shtasel, Esquire, hereby accept service of the Complaint filed in the above-captioned matter on behalf of Defendant, Blank Rome LLP, and certify that I am authorized to do so solely within the confines of this particular lawsuit, only.

<center>**BLANK ROME LLP**</center>

BY: <u>*Laurence S. Shtasel, Esq.*</u>
<div style="margin-left:3em">LAURENCE S. SHTASEL ESQ.
Attorney for Defendants, Blank Rome LLP</div>

Date: <u>October 24, 2024</u>

| | |
|---|---|
| **MERITIS GROUP LLC; CULLOO ENTERTAINMENT LLC; NO ORDINARY HOSPITALITY GROUP LLC; and NO ORDINARY HOSPITALITY GROUP – HOUSTON LLC**<br><br>*Plaintiffs*<br><br>*vs.*<br><br>**BLANK ROME LLP; NOCHUMSON P.C.; LAW OFFICE OF JARED N. KLEIN; JARED KLEIN; and ABC CORPORATIONS (1-10)**<br><br>*Defendants.* | **PHILADELPHIA COUNTY COURT OF COMMON PLEAS TRIAL DIVISION**<br><br>**OCTOBER TERM, 2024**<br><br>**NO. 0962**<br><br>**JURY TRIAL DEMANDED** |

*Filed and Attested by the
Office of Judicial Records
04 NOV 2024 10:44 am
S. GILLIAM*

## ACCEPTANCE OF SERVICE

I, Josh J.T. Byrne, Esquire, hereby accept service of the Complaint filed in the above-captioned matter on behalf of Defendant, Nochumson P.C., and certify that I am authorized to do so solely within the confines of this particular lawsuit, only.

**MARSHALL DENNEHEY, P.C.**

BY:   *Josh J.T. Byrne, Esq.*
       JOSH J.T. BYRNE, ESQ.
       Attorney for Defendants, Nochumson P.C

Date:   October 25, 2024